UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIJKSTRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAMPOS, *Correctional Officer at CSATF*, and MAGDALENO, *Correctional Officer at CSATF*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01223-HBK<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends Plaintiff's motion to proceed *in forma pauperis* be denied and/or this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's orders.

## I.　BACKGROUND

Plaintiff Cody Dijkstra, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on August 12, 2021. (Doc. No. 1). Plaintiff concurrently moved to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). On August 23, 2021, the Court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

issued an order to show cause why Plaintiff's IFP motion should not be denied since his trust account showed a balance of $1,110.21. (Doc. No. 7). The Court provided Plaintiff with 14 days to either withdraw his IFP motion and pay the $402.00 filing fee, or show cause why he meets the indigence requirement to proceed IFP. (*Id.* at 2). Plaintiff was cautioned that "failure to respond [would] result in a recommendation that this action be dismissed for failure to obey a court order." (*Id.*). As of the date of these Findings and Recommendations, Plaintiff has not paid the filing fee nor responded to the Order to Show Cause, and the time to do so has lapsed. (*See* docket).

## II.   APPLICABLE LAW

### A. Proceeding IFP

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under the PLRA, prisoners must pay the full amount of the fee. *Id*. 1915(b)(1). Thus, when a prisoner brings a civil action, he must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Proceeding IFP is "a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds). A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). Although an IFP applicant need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient). Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938,

2

940 (9th Cir. 1981).  Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002).  The courts are inclined to reject IFP applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses. *See, e.g. Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), *report and recommendation adopted*, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (finding prior balance of $1000, despite being decreased to $470 shortly before filing action sufficient to pay $402 filing fee); *Riddell v. Frye*, No. 1:21-CV-01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), *report and recommendation adopted*, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (finding available balance of $1297.21 sufficient to pay $402 filing fee and denying IFP); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (despite plaintiff initially being permitted to proceed IFP, ordering plaintiff to pay $120 filing fee in full out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP because "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action.").

Finally, lest Plaintiff argue that part or all the deposits emanate from Coronavirus Aid, Relief and Economic Security Act ("CARES Act") and should be disregarded, the undersigned can conceive of no rational reason for not considering these deposits for purposes of determining Plaintiff's indigency.  Nor is the undersigned aware of binding precedent that prevents "stimulus checks" from being included when making an indigency determinization.  Indeed, to the contrary, other courts in this district have included the funds when making the determination. *See, e.g., Hammler v. Zydus Pharmacy*, 2021 WL 3048380, at *1-2 (E.D. Cal. July 20, 2021) (considering the plaintiff's "economic impact payments" when determining that the plaintiff was "financially able to pay the filing fee"); *Corral v. California Highway Patrol*, No. 1:21-CV-00822-DAD-JLT, 2021 WL 2268877, at *1 (E.D. Cal. June 3, 2021), *report and recommendation adopted*, No. 1:21-CV-00822-DAD-JLT, 2021 WL 3488309 (E.D. Cal. Aug. 9, 2021) (considering stimulus payments in finding plaintiff not entitled to proceed IFP).

### B. Failure to Prosecute and Comply With Court Order

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.   ANALYSIS

#### A. Denial of IFP Application

The Court concludes Plaintiff has failed to demonstrate indigence as required to proceed

4

IFP. Plaintiff's indigency due to his prisoner status is not axiomatic. While a balance of $1,110.21 appears modest at first blush it is not inconsequential considering Plaintiff does not incur expenses in prison for necessities such as sustenance, housing, and medical care. Although the Ninth Circuit Court of Appeals has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by Plaintiff reflects that he has sufficient funds to pre-pay the $402.00 filing fee in full to commence this action and still will have adequate funds left over for any incidental personal or commissary expenses. Plaintiff has failed to respond to the Court's order to show cause, and accordingly the Court has been provided no reason why Plaintiff is indigent despite his trust account's balance. Based on the foregoing, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and this case be dismissed without prejudice so Plaintiff may refile a complaint accompanied with the $402.00 filing fee.

**B. Dismissal for Failure to Comply With Court Order**

Alternatively, the undersigned concludes dismissal of this case is warranted due to Plaintiff's failure to prosecute this action and/or timely respond to a court order. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second *Applied Underwriters* factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and

inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). The Court has already attempted a less drastic action by issuing an order to show cause providing Plaintiff additional time to pay the filing fee or demonstrate he meets the indigence requirement, but Plaintiff failed to do so. Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

The Ninth Circuit permits courts to dismiss cases where the Plaintiff has failed to demonstrate eligibility to proceed IFP and the filing fee has not been paid. *Escobedo v. Applebees*, 787 F.3d 1226, 1230 (9th Cir. 2015). The instant dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with that precedent as well as governing Rule 41 law and this Court's Local Rule. The Court accordingly recommends dismissal without prejudice under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court be directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED.

2. This case be dismissed without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: _September 15, 2021_

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE