UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIJKSTRA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMPOS, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-01223-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>(Doc. Nos. 18, 19) |

Pending before the Court is Plaintiff's motions to appoint counsel, filed January 18, 2022 and January 20, 2022. (Doc. Nos. 18, 19). Plaintiff seeks appointment of counsel citing as reasons: his indigence, status as a prisoner making it difficult to prosecute this case, inability to secure counsel on his own, and belief that his case is complex. Plaintiff initiated this action by filing a *pro se* civil rights action under 42 U.S.C. § 1983 on August 12, 2021. (Doc. No. 1). Plaintiff paid the filing fee and is proceeding on his first amended complaint. (Doc. No. 14).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*"  *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).   Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.   *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel).  Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).   Contrary to Plaintiff's assertion, the court does not find the issues are "so complex that due process violations will occur absent the presence of counsel."  *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  Further, Plaintiff's claimed indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  And Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel."  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings.  Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is ORDERED:

Plaintiff's motions to appoint counsel (Doc. Nos. 18, 19) are DENIED, without prejudice.

Dated:   January 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE