UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIJKSTRA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAMPOS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01223-HBK<br><br>ORDER TO STRIKE UNSIGNED PLEADING<br><br>(Doc. No. 20) |

　　　　Pending before the Court is *pro se* Plaintiff's pleading titled "motion temporary restraining order" filed on January 20, 2022.  (Doc. No. 20).  Although filed as a motion, the pleading appears to be a proposed court order directing defendant Campos Garcia to show cause why a preliminary injunction should not issue to prohibit him from owning firearms or ammunition.  *See generally Id*.  Despite this naming deficiency, the pleading is unsigned in contraction to Federal Rule of Civil Procedure 11.

　　　　Rule 11 requires all pleadings, written motions, and other papers be signed by at least one attorney of record or by a party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); *see also* E.D. Ca. Local Rule 131(b).  "The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(b).  Here, considering Plaintiff does not have access to CM/ECF, the Court directs the Clerk to strike the unsigned motion.  To the extent Plaintiff wishes the Court to consider his motion, he

must refile a signed motion.

      Accordingly, it is **ORDERED**:

      The Clerk of Court shall **strike** Plaintiff's unsigned pleading (Doc. No. 20). Plaintiff may re-file a signed motion as appropriate.

Dated:   January 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE