UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIJKSTRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAMPOS, MAGDALENO,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01223-ADA-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>FOURTEEN-DAY DEADLINE |

This matter comes before the Court upon periodic review of the file.  Plaintiff, a state prisoner who is proceeding pro se, initiated this action by filing a 42 U.S.C. § 1983 civil rights complaint on August 12, 2021.  (Doc. No. 1).  On August 24, 2022, an Order of Reassignment issued and the Clerk of Court mailed the Order to Plaintiff.  (Doc. No. 25).  On September 1, 2022, the Courts August 24, 2022 Order was returned as undeliverable. (*See* docket).

This Court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2022).  At the onset of this Case, the Court instructed Plaintiff that he

1  "must keep the Court and opposing parties informed of [his] correct address."  (Doc. No. 3 at
2  5:13-14).  Plaintiff's change of address was due no later than November 1, 2022.  As of the date
3  of this Show Cause Order Plaintiff has not filed a Notice of Change of Address as required by the
4  Court's Local Rules.

5  Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
6  when a litigant fails to prosecute an action or fails to comply with other Rules or with a court
7  order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889
8  (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d
9  683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that
10 courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local
11 Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the
12 court's Rules or any order of court.  Precedent supports a dismissal of a case when a litigant fails
13 to keep the court appraised on his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988)
14 (affirming lower court and finding no abuse of discretion when district court dismissed case
15 without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro se* plaintiffs
16 keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-391-DAD-
17 SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and
18 failure to provide court with current address).

19 Accordingly, it is **ORDERED**:

20 Plaintiff shall file a Notice of Change of Address or shall show good cause why this action
21 should not be dismissed under Rule 41 and Local Rules 110 and 183 within **fourteen (14) days**
22 from the date on this order.  Plaintiff's failure to respond shall result in a dismissal of this case
23 without further notice.

24 Dated:     December 14, 2022

25 HELENA M. BARCH-KUCHTA
   UNITED STATES MAGISTRATE JUDGE